Pierre v Smullen (2024 NY Slip Op 50008(U))

[*1]

Pierre v Smullen

2024 NY Slip Op 50008(U)

Decided on January 8, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2024
Supreme Court, Kings County

Marilynn Pierre, Petitioner,

against
Tashia Smullen, GEORGE WILLS, JOHNNY DAVIS, A/K/A JOHN DOE(S), and JANE DOE(S), Respondents.

Index No. 960/23

Aaron D. Maslow, J.

Papers used on the motion: order to show cause with temporary restraining order, affidavit of emergency of petitioner, amended petition, certification, verification, affidavit of petitioner, (second) affidavit of petitioner, affidavit of due diligence of Dwight Morant, (second) affidavit of due diligence of Dwight Morant, affidavit of service of Dwight Morant (all in support of the petition). No papers in opposition filed.
Upon the foregoing papers, and the Court having elected to determine the within special proceeding on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part I (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions[[FN1]
] presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)," and due deliberation having been had thereon, the Court determines as follows:
Pro se Petitioner Marilynn Pierre (hereinafter "Pierre" or "Petitioner") seeks a temporary restraining order and preliminary injunction/injunctive relief restraining Respondents from harassing Petitioner; stealing, destroying, and moving Petitioner's personal property; and placing glue in the keyhole of the apartment front door. Pierre further seeks to restrain Respondent Tashia Smullen (hereinafter "Smullen") from giving to friends, guests, and family members the keys to the apartment.
Petitioner contends that since becoming Smullen's subtenant in April 2023 at apartment 3A of XX Gates Avenue, Brooklyn, New York, she has continually been harassed by Respondents. Respondents removed the apartment's partition separating the subtenants' living quarters; placed glue in key holes on several occasions prompting Petitioner to replace locks; has been faced with rent increases by Smullen despite the apartment being rent controlled; and has had personal items removed from the general living space as well as stolen from her room including former client files, passport, and laptop. This matter appeared on the Court's January 4, 2024 calendar. Although the Court was not present (because this is being determined on submission), Petitioner submitted affidavits of service and non-service. From these affidavits, the Court gleans that Petitioner admits to having trouble serving Respondents, aside from Johnny Davis, who frequents the apartment, because Smullen appears to be living elsewhere, George Wills (hereinafter "Wills") was unable to be reached, and the John and Jane Does have failed to give any identifying information.
Based on Petitioner's own submissions, she failed to serve the papers commencing this special proceeding in accordance with the service provisions of the order to show cause. The order to show cause directed personal service upon all Respondents. CPLR 308 contains the provisions for personal service.
Petitioner submitted three affidavits of service for Smullen, George Wills, and Johnny Davis. Davis was properly served on December 28, 2023, at 10:35 a.m. at the Petitioner's apartment by Dwight Morant, someone over the age of 18 residing in New York State. Dwight Morant also attempted service three times at Petitioner's apartment for Wills, who was allegedly residing there, twice on December 28, 2023, at 10:35 a.m. and 9:21 p.m. in addition to December 29, 2023, at 6:07 a.m. Finally, Dwight Morant attempted service three times for Smullen, the apartment's primary tenant, on the same dates and times as Wills. However, Dwight Morant never attempted nail and mail service as an alternative (CPLR 308[4]).
Respondent Johnny Davis appeared pro se on January 4, 2024 at the calendar call, but did not submit any papers in opposition to Pierre's petition.
Therefore, Petitioner Pierre's petition seeking a preliminary injunction/injunctive relief against Respondent Davis is GRANTED to the extent indicated below[[FN2]
] and against all other Respondents is DENIED without prejudice to recommence. To the extent the petition sought a temporary restraining order, it is academic because the temporary restraining order had already been granted in the order to show cause: it expired effective January 4, 2024.
It is hereby ORDERED, DECREED, and ADJUDGED as follows:
Respondent Johnny Davis is enjoined from harassing petitioner; stealing, destroying, and moving Petitioner's personal property; and placing glue in the keyhole of the apartment front door at the following address: XX Gates Avenue, Apartment 3A, Brooklyn, NY, in Kings County.

Footnotes

Footnote 1:. "Unless otherwise provided specifically with respect to special proceedings, references to motions in the within Part Rules shall be deemed to include special proceedings" (IAS Part 2 Rules, Part 1, Subpart A, Section I).

Footnote 2:. While Petitioner sought reimbursement for costs and "all other costs and remed[ies[ of law," in her amended petition, this requested relief was not specified in the order to show cause, and is therefore DENIED, except as the CPLR allows for costs for prevailing in the within special proceeding.